UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X
THE ANNUITY AND HEALTH & WELFARE FUNDS OF
THE UNITED FOOD & COMMERCIAL WORKERS
LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS
MARK CAROTENUTO and STANLEY FLEISHMAN,   **COMPLAINT**

                Plaintiffs,   CV-20-00608

   -against-

NEW HAVEN MANOR HOME FOR ADULTS, LLC,

                Defendant.
───────────────────────────────────X

Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN ("Plaintiffs LOCAL 2013 TRUST FUNDS"), by its attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1.     This is an action to recover fringe benefit contributions owed to employee fringe benefit trust funds and for the breach of the terms and conditions of a collective bargaining agreement pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA"), respectively.

**JURISDICTION & VENUE**

2.     The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, as shown below, Plaintiffs LOCAL 2013 TRUST FUNDS are administered from an office located at 9235 Fourth Avenue, Brooklyn, County of Kings, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 2013 TRUST FUNDS are joint trustee fund established by trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS maintain the subject plans at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff ANNUITY FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

8. Plaintiffs LOCAL 2013 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Upon information and belief, Defendant NEW HAVEN MANOR HOME FOR ADULTS, LLC ("NEW HAVEN MANOR") was and still is a New York corporation with its principal place of business located at 1526 New Haven Avenue, Far Rockaway, New York.

10. Upon information and belief, Defendant NEW HAVEN MANOR was and still is a foreign corporation duly licensed to do business in the State of New York.

11. Upon information and belief, Defendant NEW HAVEN MANOR was and still is a foreign corporation doing business in the State of New York.

12. Upon information and belief, Defendant NEW HAVEN MANOR is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

**AS AND FOR A FIRST CAUSE OF ACTION
(BREACH OF COLLECTIVE BARGAINING AGREEMENT)**

13. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 12 inclusive with the same force and effect as though more fully set forth at length herein.

14. At all times relevant hereto, Defendant NEW HAVEN MANOR agreed to be bound by the terms and conditions of a collective bargaining agreement with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreement").

15. Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152, having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

16. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS, Defendant NEW HAVEN

MANOR consented to the performance of an audit of its books and records to determine whether said Defendant had paid all of the required fringe benefit contributions to Plaintiffs LOCAL 2013 TRUST FUNDS in accordance with the Collective Bargaining Agreement for the period of January 1, 2013 through December 31, 2014.

17. That on or about October 1, 2019, the results of said audit were detailed by the auditor for Plaintiffs LOCAL 2013 TRUST FUNDS which determined that Defendant NEW HAVEN MANOR had failed to provide the contractually required fringe benefit contributions with interest in the amount of $21,166.73 for the period of January 1, 2013 through December 31, 2014.

18. Defendant NEW HAVEN MANOR remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions and interest owed to Plaintiffs LOCAL 2013 TRUST FUNDS as detailed above.

19. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant NEW HAVEN MANOR, said Defendant is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of $21,166.73.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

20. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 19 inclusive with the same force and effect as though more fully set forth at length herein.

21. The failure of Defendant NEW HAVEN MANOR to pay the required fringe benefit contributions along with interest to Plaintiffs LOCAL 2013 TRUST FUNDS for the period audited of January 1, 2013 through December 31, 2014 in the amount of $21,166.73 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe

benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

22. Defendant NEW HAVEN MANOR remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions and interest owed to Plaintiffs LOCAL 2013 TRUST FUNDS as detailed above.

23. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

24. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant NEW HAVEN MANOR and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant NEW HAVEN MANOR is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of $21,166.73, together with accumulated additional interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, auditor's fees in the amount of $2,130.00 and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand

judgment on the First Cause of Action as against Defendant NEW HAVEN MANOR HOME FOR ADULTS, LLC in the amount of contributions and interest totaling $21,166.73.

**WHEREFORE**, Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demand judgment on the Second Cause of Action as against Defendant NEW HAVEN MANOR HOME FOR ADULTS, LLC in the amount of contributions and totaling $21,166.73, together with:

a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c. Attorneys' fees, auditor's fees in the amount of $2,130.00, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
February 4, 2020

        Respectfully submitted,

        BRADY McGUIRE & STEINBERG, P.C.

By: */s/ James M. Steinberg*

        James M. Steinberg, Esq.
        Attorneys for Plaintiffs
        303 South Broadway, Suite 234
        Tarrytown, New York 10591
        (914) 478-4293